IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA and
NEW MEXICO ENVIRONMENT
DEPARTMENT,

    Plaintiffs,

v.

                                                                            Case No. 2:25-cv-00054-MIS-GBW

HF SINCLAIR NAVAJO
REFINING LLC,

    Defendants.

## ORDER GRANTING UNITED STATES' UNOPPOSED MOTION TO ENTER CONSENT DECREE

**THIS MATTER** is before the Court on the United States' Unopposed Motion to Enter Consent Decree ("Motion"), ECF No. 7, filed April 25, 2025. The United States requests that the Court enter a Consent Decree negotiated between Plaintiffs, the United States and the New Mexico Environment Department, and Defendant, HF Sinclair Navajo Refining LLC. See id. at 1. The Consent Decree resolves claims against Defendant for alleged violations of the Clean Air Act and the New Mexico Air Quality Control Act. See id.; see also Compl. ¶¶ 244-311, ECF No. 1.

Pursuant to 28 C.F.R. § 50.7 and ¶ 101 of the proposed Consent Decree, the United States published notice of the Consent Decree in the Federal Register on January 24, 2025, see 90 Fed. Reg. 8160-01, and solicited public comments thereon for a period of thirty days, see Mot. at 1, ECF No. 7. The United States received two comments—one from American Fuel & Petrochemical Manufacturers ("AFPM Comment"), see ECF No. 7-2, and the other from the Center for American Liberty ("CAL Comment"), see ECF No. 7-3. Neither comment opposes entry of the Consent Decree. See AFPM Comment at 2 ("While AFPM does not oppose the lodging of this consent

decree to the extent it addresses well-pled allegations of non-compliance, certain requirements of this proposed consent decree represent changes to the relevant regulatory frameworks that could ultimately impact the obligations of entities that are not parties to the consent decree."), ECF No. 7-2 at 3; CAL Comment at 1 ("CAL has no comment on whether the underlying agreement is fair or reflects a violation of the environmental laws or whether the substance of the agreement should be entered by the Court. CAL's only concern is on whether EPA and DOJ's process in bringing this enforcement action and reaching this consent decree violated the Constitution and is contrary to the new Administration's policy directives."), ECF No. 7-3 at 2.

"A consent decree is primarily a means by which parties settle their disputes without having to bear the financial and other costs of litigating." Local No. 93 v. City of Cleveland, 478 U.S. 501, 528 (1986). "Consent decrees entered in federal court must be directed to protecting federal interests." Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004). A federal consent decree "must spring from and serve to resolve a dispute within the court's subject-matter jurisdiction[,]" Local No. 93, 478 U.S. at 525, "must 'com[e] within the general scope of the case made by the pleadings,'" id. (alteration in original) (quoting Pac. R.R. v. Ketchum, 101 U.S. 289, 297 (1879)), and "must further the objectives of the law upon which the complaint was based," id. However, "a federal court is not necessarily barred from entering a consent decree merely because the decree provides broader relief than the court could have awarded after a trial." Id.

"While the court may either approve or deny the issuance of a consent decree, generally it is not entitled to change the terms of the agreement stipulated to by the parties." United States v. Colorado, 937 F.2d 505, 509 (10th Cir. 1991). In reviewing a consent decree, "the district court must ensure that the agreement is not illegal, a product of collusion, or against the public interest. The court also has the duty to decide whether the decree is fair, adequate, and reasonable before it

is approved." Id. "Fairness contains both procedural and substantive components." Colorado v. United States, Civil Action No. 1:13-cv-02532-RM-KMT, 2013 WL 6858759, at *2 (D. Colo. Dec. 30, 2013) (citing United States v. Cannons Eng'g Corp., 899 F.2d 79, 86 (1st Cir. 1990)). "To measure procedural fairness, a court should ordinarily look to the negotiation process and attempt to gauge its candor, openness, and bargaining balance." Id. (quoting Cannons Eng'g Corp., 899 F.2d at 86). "A substantively fair consent decree incorporates 'concepts of corrective justice and accountability: a party should bear the cost of harm for which it is legally responsible.'" Id. (quoting Cannons Eng'g Corp., 899 F.2d at 86).

"In considering whether to enter a proposed consent decree, a district court should be guided by the general principle that settlements are encouraged." United States v. North Carolina, 180 F.3d 574, 581 (4th Cir. 1999); see also Cannons Eng'g Corp., 899 F.2d at 84. This presumption in favor of settlement "is particularly strong where a consent decree has been negotiated by the Department of Justice on behalf of a federal administrative agency like EPA which enjoys substantial expertise in the environmental field." United States v. Akzo Coatings of Am., Inc., 949 F.2d 1409, 1436 (6th Cir. 1991). Under these circumstances, the "district court must refrain from second-guessing the Executive Branch[,]" Cannons Eng'g Corp., 899 F.2d at 84, and "without abdicating its responsibility to exercise independent judgment, must defer heavily to the parties' agreement and the EPA's expertise[,]" United States v. Charles George Trucking, Inc., 34 F.3d 1081, 1085 (1st Cir. 1994).

Applying these principles here, and having carefully considered the Motion, the proposed Consent Decree, the AFPM Comment, and the CAL Comment, the Court concludes that the proposed Consent Decree: (1) springs from and serves to resolve a dispute within the Court's subject matter jurisdiction; (2) comes within the general scope of the case made by the pleadings;

(3) furthers the objectives of the laws upon which the Complaint was based; (4) is not illegal, a product of collusion, or against the public interest; and (5) is fair—both procedurally and substantively—adequate, and reasonable.

Accordingly, it is **HEREBY ORDERED** that:

**1.** The United States' Unopposed Motion to Enter Consent Decree is **GRANTED**;

**2.** The Consent Decree will be entered separately; and

**3.** This case is now **CLOSED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE